THE plaintiffs femes and the defendent were the children of William Allen, by second wife.
His son, by a former wife, John Allen, by his testament, which was dated in may, 1783, devised all his estate to his father, and died in may, 1793, being seized of lands of inheritance acquired after the date of his testament.
William Allen, the father, in September, 1789, made his testament, containing devises of lands, and a bequest of the residue of his estate after some specific and pecuniary legacies, •to his sons, and died in july, 1793.
By statute, passed in 1785, to be in force from and after the first day of january, 1787, was enacted, that when any person having title to reed estate of inheritance shall die intestate as to such estate, it shall descend to his children, if any there be : if there be ?io children, nor their descendents, then to his father ; if there be no father, then to his mother, brothers and sisters, and their descendants, or such of them as there be.
*292 On the 8 day december, 1792, a statute was made, to'reduce* into one the several acts directing the course of descents., the words of it are the same as the words before rehearsed ©f the-statute of 1785. a subsequent section of it (22) is m these words : all and every act and acts, clauses and par#® of act® heretofore made containing any thing within the purview of this ■act shall be and the same are hereby repealed, this act by the last section of it is to commence in force from the passing-thereof.
In the same session, on the. 28 day of the same* december,. 1792, a statute was made, by which the operation of several acts of that session, among which is the ibrmentioned statute-of the-8 day of december, was suspended until the first day of October, 1793.
By statute passed in novemher, 1789, whensoever one lawy which, shall have repealed another law, shall be itself repealed,, the former law, shall not be revived without express words to that' effect. (a)
William Allen having died whilst the operation of the statute-of the 8 day of december, 1792, which is supposed to have repealed the statute of 1785, was suspended ; whether during that period the common law which excluded the daughters from a participation of the fathers inheritance with their brother was restored, so that he alone succeeded to the lands the devise whereof to John Allen was ineffectual by his death in the testators life time ? was the question argued by counsiL
A second question occurring in the case is, whether by the devise in the testament of John Allen of-all his estate to his father, the lands acquired after the date of the testament were transferred? this question dependeth upon the principles which govern the decision of the first, as inspection of the statutes of 1785, chap. 63, of the 13 day of december', í-79'2, intituled an act reducing into one the several acts concerning willsf and of the forementioned 28 day of december, in that session, will shew, and '
A third question is, whether John Allens after acquired lands,, if they were not transferred by his testament, descended to his- *293 father? which will be resolved by the resolution of the first question ; so that the discussion of this shall suffice for all. '
By the court, 27 day of September, 1794.
1. The statute of 1785 was not repealed by the statute of the 8 day of deeember, 1792.
It. The statute of 1785, if it were repealed by the statute of the 8 day of deeember, 1792, remained during twenty days only repealed, being at the end of that period recuseitated by the statute of 28 day of deeember, 1792.
I. The statute of 1785 was not repealed by the statute of 8 day of deeember, 1792, as to the subject of the present litigation, because both statutes, being in the same words, have the same meaning.
A statute is the legislative will.
If the lawmakers of any country assembling will, for example, that in the occupation and enjoyment of things, the dying owner whereof shall not have appointed a successor, his children, or their desceudents, or, if he be childless, his father, or if fatherless, his mother, brothers and sisters, &c. shall succeed to him, this will would be a law, if it were only registered in the memories of those by whom and for whom it was ordained, ao less than if the words which signified it, cut in wood, or eagrared on stone or brass, were exposed to the view of all, or inscribed or impressed on paper or parchment, were deposited among the popular archives.
Surely laws of civil institution might be established, if the arts of writing, sculpture and printing had not been invented.
They are indeed exceedingly beneficial, enabling men to preserve the records of acts necessary to be known by monuments more faithful than tradition, more intelligible than hieroglyphics, for which those arts have been happily substituted.
But the columns, or tables, or folia, or skins which exhibit the words signifying the will of the legislature aro not their-•selves the legislative will — are not the statutes.
A statute being the legislative will, the repeal of a statute is a change of the legislative will.
The lawmakers then, in 1785, having willed that all a mans children, or, if he had not children, his father, or, if the father were dead, his mother, brothers and sisters, &c. should succeed 4o his undevised lands of inheritance ; and that this should be the law, after the first day of january, 1787 ; and having on the 8 day of deeember, 1792, willed that all a mans children, <sfcc. should succeed to his undevised lands of inheritance, rehearsing the identical words contained in the statute of 1785 ; *294 when after this the legislature added that the statute of 1785' was and should he repealed, what could they mean ?
We cannot suppose them, to have meaned that the will of the legislature had changed between 1785 and the 8 day of december, 1792. the fact is proved to be otherwise' by the continuance in force of the statute, which alone can indicate a continuance of the legislative will.
The legislative will could not alter between repealing one statute and enacting the other, because no time intervened— they were simul ac samel, they were both, if the former were at all, uno flatu, in the same breath.
The only other meaning of the repealing' section is1 that the-legislative will was changed in 1792. but that meaning is repugnant to the statute which containeth the repealing section,, and which willeth the same course of descent which the statute-of 1785 willed.
The repealing section therefore is rejected, except in cases-where the statute made in 1785 is altered by subsequent sta-tutes, among which cases is not the present case of sisters-demanding á partition with a brother.
II. The statute of 17S5, if it were repealed by that of the 8: day of december, 1792, was resuscitated by the statute of the same session.
This, as is believed, must be- manifest to him who will translate the language of the three statutes into equivalent terms, with such explications of them by way of paraphrase as are evidently)- requisite to adapt a law in general terms to particular cases ; for
Then it would be read thus : the operation of the act passed during the present session, by which an act passed in the year 1785, directing that lands of inheritance shall descend to all-the children of an owner dying intestate, &c. was repealed, is suspended until the first day of October, 1793. and consequently until that time the statute said to be repealed would not be repealed, unless it was between the 8 and 28 day of december, 1792.*
Decree for the plaintiffs.†

 Hence was inferred by the connsil for the defendent, that suspension off the operation of the statute made the 8 day of december 1792, did not revive* the statute of 1785; a suspension differing from a repeal in their duration only,, that of one being for a limited, of the other for an indefinite, period, to which the plaintiffs counsil retorted, the act of 1785 repealed the common law, by? which the defendent would exclude his sisters from shares of his fathers lands of inheritance, and by repeal of that act the common law was not restored, any more than the act of 1785 was revived by suspension of the act which repealed it.

 See appendix.

 [ This decree was, in 1802, affirmed by the Court) of Appeáls. Sée the Report in 3 Call. 289, and cases there cited. — jEM.]